

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/01/2016

| | | |
|---|---|---|
| IN RE: | § | |
| **ROBERT L HARRELL,** *et al* | § | **CASE NO: 16-32098** |
| Debtor(s) | § | |
| | § | **CHAPTER 13** |

## MEMORANDUM OPINION

Prepared Publications, Inc., a secured creditor in Robert and Kathy Harrell's bankruptcy case, filed an Amended Application for Compensation and Reimbursement of Expenses of Patout & Shaw. Prepared Publications seeks $6,859.50 for legal services completed on its behalf by Patout & Shaw, PLLC. The Harrells object to Prepared Publications' Application. The Court awards Prepared Publications $3,379.50 in post-petition fees, expenses, and charges.

### Background

The Harrells filed a voluntary chapter 13 bankruptcy petition on April 26, 2016. (ECF No. 76 at 1). On August 29, 2016, Prepared Publications filed its Proof of Claim for $102,022.56; this debt arose from Prepared Publications' mechanic's lien, which was secured by a security interest in the Harrells' principal residence. (ECF No. 76 at 1). Because it is an oversecured creditor, Prepared Publications may be entitled to post-petition attorneys' fees, costs, and expenses under 11 U.S.C. § 506(b). (ECF No. 76 at 2). Pursuant to its right to post-petition attorneys' fees, Prepared Publications filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges on September 26, 2016, claiming $4,041.50 from the Harrells. (ECF No. 76 at 2).

Prepared Publications filed its first Application for Compensation and Reimbursement of Expenses on October 21, 2016, as a supplement to its Proof of Claim. (ECF No. 76 at 2). The Application raised the total amount of fees sought by Prepared Publications to $6,859.50,

reflecting attorneys' fees and costs incurred from April 27, 2016, to October 21, 2016. (ECF No. 76 at 2). The services rendered by Prepared Publications' counsel included, but were not limited to: attending hearings, the creditors' meeting, and confirmation hearings; reviewing documents filed by debtors; preparing and filing Prepared Publications' Proof of Claim; and regular communication with the Trustee, debtors' counsel, and Prepared Publications. (ECF No. 76 at 3). On October 21, 2016, Prepared Publications also filed a response to the Harrells' objections to its Notice of Postpetition Mortgage Fees, Expenses, and Charges, alleging Prepared Publications failed to file a Rule 2016(a) application properly itemizing its claim as an oversecured creditor. (ECF No. 77). Prepared Publications argues that it did submit an application properly itemizing its claim, as well as that it provided adequate notice of its post-petition attorneys' fees. (ECF No. 77 at 2–3). On October 24, 2016, Prepared Publications filed an Amended Application for Compensation and Reimbursement of Expenses of Patout & Shaw. (ECF No. 79).

On October 24, 2016, the Harrells filed an objection to Prepared Publications' Application. (ECF No. 78). The Harrells argue that certain of Prepared Publications' attorneys' fees and costs should be reduced for being unreasonable, unnecessary, ministerial, or ambiguous. (ECF No. 78 at 4–5). Additionally, the Harrells assert that Prepared Publications failed to properly and accurately itemize its claim for post-petition fees, expenses, and charges pursuant to FED. R. BANK. P. 3002.1(c). (ECF No. 78 at 6). Finally, the Harrells request that this Court award them reasonable attorneys' fees and expenses incurred in connection with Prepared Publications' Notice and Application. (ECF No 78 at 6).

Analysis

*Adequacy of Notice*

Under FED. R. BANKR. P. 3002.1(c),

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

FED. R. BANKR. P. 3002.1(c). A creditor's notice served under Rule 3002.1(c) must follow the appropriate Official Form and be filed as a supplement to the creditor's proof of claim. FED. R. BANKR. P. 3002.1(d). However, a Rule 3002.1(c) notice does not receive prima facie validity under Rule 3001(f). Accordingly, evidence must be submitted proving the validity and amount of the creditor's claim.

Prepared Publications filed its original Notice of Postpetition Mortgage Fees, Expenses, and Charges on September 26, 2016. (ECF No. 76 at 2). The September 26 Notice conformed to Official Form 410S2. (ECF No. 61). Subsequently, on October 21, 2016, Prepared Publications supplemented its original Notice with an updated Notice, as well as a detailed statement of its fees, conforming to the Official Form. (ECF No. 76 at 2). Additionally, Prepared Publications' original Notice and supplements were filed within 180 days of the date the earliest fee, expense, or charge requested to be reimbursed was incurred (April 27, 2016). (ECF No. 79-1 at 1). Because Prepared Publications' Notice followed the appropriate Official Form, was supplemented with a detailed statement of the fees requested, and was timely filed, the Court finds that Prepared Publications' notice conformed to the requirements of Rule 3002.1 and thus adequately provided notice to the Harrells of Prepared Publications' claim for reimbursement.

*Reasonableness of Prepared Publications' Fees*

Under the Bankruptcy Code, no general right to attorneys' fees exists. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2168 (2015) ("In our legal system, no attorneys, regardless of whether they practice in bankruptcy, are entitled to receive fees for fee-defense litigation absent express statutory authorization."); *In re Valdez*, 324 B.R. 296, 299 (Bankr. S.D. Tex. 2005); *In re Nair*, 320 B.R. 119, 124–25 (Bankr. S.D. Tex. 2004); *see also In re Sokolowski*, 205 F.3d 532, 535 (2nd Cir. 2000). Section 506 of the Bankruptcy Code "carves out an exception to that general rule for oversecured creditors." *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). Section 506 states, in relevant part: "the holder of a secured claim may collect "any reasonable fees, costs, or charges provided for under the agreement . . . under which such claim arose." 11 U.S.C. § 506(b). "Reasonableness of attorney's fees should be determined on a case by case basis." *In re Hight*, 393 B.R. 484, 506 (Bankr. S.D. Tex. 2008). Bankruptcy courts must evaluate attorney services "in light of what was 'reasonable at the time.'" *In re Palacios*, 2016 WL 361569, at *10 (Bankr. S.D. Tex. Jan. 27, 2016) (quoting *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276–77 (5th Cir. 2015)). A bankruptcy court has discretion to determine what constitutes a reasonable hourly rate for an attorney's services based on its own experience and knowledge of customary hourly rates for similar legal work. *In re Ritchey*, 512 B.R. 847, 868 (Bankr. S.D. Tex. 2014).

Section 506(b) protects creditors and debtors by allowing creditors to charge professional fees while also assuring the debtor and other creditors that such fees are reasonable. *In re Sanchez*, 372 B.R. 289, 304 (Bankr. S.D. Tex. 2007). "Any entity seeking to charge a Chapter 13 debtor's estate must provide documentation of these charges, so that the court, the debtor, and other parties-in-interest can review and analyze each application for compensation." *In re*

*Sanchez*, 372 B.R. 289, 304 (Bankr. S.D. Tex. 2007); *see also* FED. R. BANKR. P. 3002.1(c) ("The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges."). The party seeking reimbursement under § 506(b) carries the burden of proof. *Coward v. AC & S, Inc.*, 91 Fed. App'x 919, 924 (5th Cir. 2004); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Overall, Section 506(b)'s reasonableness requirement ensures that creditors are not given a "blank check" to incur fees that to be charged against the estate. *In re 900 Corp.*, 327 B.R. 585, 593–94 (Bankr. N.D. Tex. 2005).

Prepared Publications filed adequate documentation and Notice detailing its post-petition attorneys' fees and expenses. (*See, e.g.*, ECF No. 76 at 2). However, Prepared Publications failed to submit to the Court any evidence proving whether its charges were for *reasonable* attorneys' fees and expenses for the legal work completed on its behalf.[1] The only evidence the Court received regarding what constitutes a "reasonable fee" in a chapter 13 case was submitted by the Harrells; this evidence, Debtors' Exhibit One, is a copy of Fannie Mae's Allowable Bankruptcy Attorney Fees Exhibit detailing the maximum attorneys' fees Fannie Mae allows for legal work related to bankruptcy. Debtors' Exhibit One, *In re Harrell*, No. 16-32098 (Bankr. S.D. Tex. 2016). Based on the Fannie Mae schedule, Prepared Publications would be entitled to fees totaling $2,504.00:

1. $650.00 for preparation of its Proof of Claim and for reviewing the Harrells' chapter 13 plan;

2. $500.00 for its objection to the Harrells' chapter 13 plan;

3. $200.00 for all legal services concerning notices of post-petition fees, expenses, and

---

[1] The Court did hear an extensive argument from Prepared Publication's counsel. Following the argument, the Court informed the parties that the only evidence submitted to the Court consisted of counsel's fee statement and the Fannie Mae schedules. The Court asked if any additional evidence would be offered. Prepared Counsel did not support its argument with any evidence beyond its fee statement.

charges;

4. $429.00 as an excess fee for attending the Creditors Meeting on June 3, 2016;

5. $175.00 as an excess fee for reviewing the Harrells' amended filings on September 28, 2016;

6. $550.00 as an excess fee for reviewing the Harrells' amended filings, and for attending the confirmation hearing on the Harrells' third amended plan, on September 29, 2016.

Debtors' Exhibit One, *supra*.

The Court is concerned that the Fannie Mae schedule does not fully reflect the reasonable fee rate for Prepared Publications' non-excess fee charges. Based on the Court's experience and knowledge of customary hourly attorneys' fee rates, the Court understands that Fannie Mae's schedule is designed for firms that engage in the simultaneous retention of Fannie Mae in a large number of chapter 13 cases. Debtors' Exhibit One, *supra*; *see also In re Ritchey*, 512 B.R. 847, 868 (Bankr. S.D. Tex. 2014). Because such circumstances do not apply to this case, the Court increases Prepared Publications' reasonable fees of $1,350.00 for non-excess charges by twenty percent (20%). Consequently, Prepared Publications' reasonable attorneys' fees, expenses, and charges in this case total $2,774.00.

In addition to the reasonable fees Prepared Publications is entitled to under the Fannie Mae schedule, Prepared Publications may receive reasonable attorneys' fees for preparing a fee application. *In re Braswell Motor Freight Lines, Inc.*, 630 F.2d 348, 351 (5th Cir. 1980); *see also In re Velazquez*, 660 F.3d 893, 899–900 (5th Cir. 2011); *In re Raygoza*, 556 B.R. 813, 822 (Bankr. S.D. Tex. 2016). Accordingly, Prepared Publications is entitled to the following reasonable attorneys' fees totaling $605.50:

1. $78.00 for reviewing and redacting the billing statement for post-petition attorneys' fees on September 28, 2016;

2. $195.00 for drafting and preparing for filing Prepared Publications' response to the

> Harrells' objections to its post-petition attorneys' fees on October 20, 2016;

3. $137.50 for reviewing Prepared Publications' amended post-petition filing on October 21, 2016;

4. $195.00 for drafting and preparing Prepared Publications' Application for Compensation and Reimbursement of Expenses on October 21, 2016.

See Creditor's Exhibit One, *In re Harrell*, No. 16-32098 (Bankr. S.D. Tex. 2016).

In total, Prepared Publications is entitled to $3,379.50 based upon the Fannie Mae schedule, the Court's experience, the hourly fee statements, and Prepared Publications' right to reasonable post-petition attorneys' fees. Although Prepared Publications seeks $6,859.50 in its Amended Application for Compensation and Reimbursement of Expenses of Patout & Shaw, the Court questions many of Prepared Publications' requested fees and expenses. (ECF No. 79 at 3). For example, Prepared Publications caused its attorneys' fees to exponentially increase by frequently using two attorneys to complete work that required only one attorney. *See, e.g.*, Creditor's Exhibit One, *supra*, at 3 (charging $1,076.50 for two attorneys to attend the confirmation hearing on the Harrells' third amended chapter 13 plan). Prepared Publications additionally offered no evidence to the Court on why the charges or expenses included in its Application are reasonable and should thus be paid by the Harrells. Because of such failure on the part of Prepared Publications, the Court finds no reason within its experience for finding Prepared Publications to be entitled to more than $3,379.50.

***Reasonableness of Debtors' Attorneys' Fees***

The Harrells offered no legal or factual basis supporting an award of their attorneys' fees and expenses incurred in connection with Prepared Publications' Notice and Application. The Court consequently denies the Harrells' requested fees or expenses.

**Conclusion**

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **November 1, 2016.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE